IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CORY LEE JUMP, )<br>)<br>Defendant. ) | Case No. <u>CR-20-317-SLP</u> |

**UNITED STATES' RESPONSE
TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America submits the following response to Mr. Jump's sentencing memorandum. (Doc. 86). There, he argues that he should not receive an 8-level increase for possessing a firearm "in connection" with his offense of making a false statement to a government official. He also believes he should receive probation. Considering the full range of Mr. Jump's conduct in this case—in addition to his personal characteristics and lack of criminal history—the United States agrees on both fronts.

**I.   Background**

In August 2020, the ATF learned that several firearms found in Mexico had been traced back to Oklahoma City. Doc. 84 at 6. One of these was eventually traced back to Mr. Jump. *Id*. The ATF also talked to an individual who supplied them with text messages indicating that Mr. Jump—who was

not federally licensed to engage in firearms dealing—was frequently purchasing firearms. *Id*. So in October 2020, they went to interview him to discuss this. *Id*.

During the interview, Mr. Jump sought to downplay his firearm dealing and ultimately lied to investigators. When asked about the volume of firearms he had ever sold at one time or to one individual, he said he had never sold more than 2 firearms at one time. *Id*. at 7. Text messages from Richard Pond's phone, however, showed that Mr. Jump had previously sold 14 firearms to Mr. Pond in May 2020. *Id*. Once confronted, Mr. Jump admitted his dishonesty and acknowledged a more robust firearms business. *Id*. He estimated that he had sold between 30-40 firearms to Mr. Villarreal alone. *Id*. He was charged with multiple offenses here and ultimately pled guilty to one count of knowingly making a false statement on a matter within the jurisdiction of the executive branch, in violation of 18 U.S.C. § 1001(a)(2). *Id*. at 4-5.

The PSR currently calculates his advisory guideline range at 10 to 16 months, based on a total offense level of 12 and a criminal history category of I. *Id*. at 12. Mr. Jump objects to this range because it includes an 8-level enhancement for his possession of a firearm in connection to his false statement. *Id*. at 16-17. The United States did not offer an objection to the calculation of the guidelines' range. But it ultimately agrees that the enhancement does not apply here.

## II. Firearm Sentence Enhancement

Those convicted of fraud and false statement crimes are subject to a 2-level sentence enhancement if the conduct involved the possession of a dangerous weapon "in connection with the offense." USSG § 2B1.1(b)(16)(B). As the PSR recognizes, this enhancement is rarely applied in this context, and relevant case law—particularly in the Tenth Circuit—is lacking. For this reason, it is helpful to look beyond strictly fraud and false statement cases. And in doing so, it becomes clear that the enhancement should not apply in this case.

In the Tenth Circuit, "a firearm is possessed 'in connection with the offense' if the firearm facilitates, or . . . has the potential to facilitate the offense." *United States v. Hargrove*, 911 F.3d 1306, 1327 (10th Cir. 2019) (internal quotation marks and citations omitted). One way this is typically shown is by the firearm's "proximity and potential to facilitate the offense." *United States v. Hallum*, 103 F.3d 87, 89 (10th Cir. 1996). This is undoubtedly because introducing firearms to the scenes of other crimes "dramatically heightens the danger to society." *Smith v. United States*, 508 U.S. 223, 239 (1993).

As a result, most cases applying sentencing enhancements for possessing a firearm "in connection with the offense" involve a firearm found that was likely to be used as a form of protection or that was actively involved in the

offense. *United States v. Foy*, 641 F.3d 455 (10th Cir. 2011) (firearm found in defendant's vehicle as he was on his way to purchase drugs); *United States v. Alexander*, 292 F.3d 1226 (10th Cir. 2002) (handgun found in a cigar box in closet next to drugs); *United States v. Delva*, 922 F.3d 1228 (11th Cir. 2019) (firearm possessed in connection with tax fraud and identity theft where it was kept in the townhouse that the defendants conducted their activity from).

Here, however, there is no evidence Mr. Jump possessed any firearm to facilitate his false statement. Because the firearms at the heart of his statement were possessed 5 months prior to his interview, they were not temporally or spatially close to his statement. The only connection is that Mr. Jump's statement pertained to firearms. But given how the Tenth Circuit has consistently been applying firearm enhancements in other contexts for decades, the United States believes this enhancement should not be applied here. Mr. Jump's guideline range should thus be 0-6 months, based on a total offense level of 4 and a criminal history category of I.

### III.  Mr. Jump's Sentence

Mr. Jump's conduct—dealing firearms without a license and then lying to the authorities about it—is no small matter. And the danger is not merely hypothetical; one firearm that was tied back to him turned up in Mexico. Nonetheless, it is clear that Mr. Jump's conduct was the least extensive, as compared to his co-defendants. He is also 50 years old and has no criminal

history—it seems he never even been arrested. Nothing in his history suggests he will continue his criminal conduct moving forward. Taking all this into account, the United States believes that a sentence of probation—combined with a community service requirement—is sufficient in this case.

    Respectfully submitted,

    ROBERT J. TROESTER
    Acting United States Attorney

    *s/Stanley J. West*
    Assistant United States Attorney
    Bar Number:  33302
    210 Park Avenue, Suite 400
    Oklahoma City, Oklahoma  73102
    (405) 553-8700 (Office)
    (405) 553-8888 (Fax)
    Stanley.West@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on August 27, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Mark Henricksen, Counsel for Defendant.

    *s/Stanley J. West*
    Assistant United States Attorney